IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR REYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2255-BN |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Allstate Fire and Casualty Insurance Company has filed a Motion to Sever and Abate Extracontractual Claims. *See* Dkt. No. 39.

Allstate explains that Reyes "has sued Allstate for declaratory judgment under Texas law, and for breach of the common law duties of good faith and fair dealing, and for violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act" and that Allstate seeks "to sever and abate the extra-contractual claims from the contract or declaratory judgment claims, as is consistently done under Texas law." *Id.* at 1. "Allstate asks that the extra-contractual claims be severed and discovery and trial on the extra-contractual claims be abated until after the 'initial car crash trial' as explained by the Texas Supreme Court in In re State Farm." *Id.* at 3-4; *see also* Dkt. No. 40 at 1-2.

Plaintiff Victor Reyes opposes the motion as untimely under the Court's Initial Scheduling Order [Dkt. No. 17]. *See* Dkt. No. 40.

As background, the Court's Initial Scheduling Order provides:

-1-

- "All discovery must be initiated in time to be completed by **August 25, 2023**."

- "Any motion to compel discovery or for a protective order must be filed by the later of (1) **August 11, 2023,** or (2) 10 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information must be filed by **August 30, 2023.**"

- "A party must file a motion not otherwise covered by this order – including any motion challenging, seeking to disqualify, or otherwise related to a designated expert witness or his or her designation or testimony – by no later than **July 15, 2023**. This deadline does not apply to motions in limine (other than motions related to an expert witness) or to objections filed under Federal Rule of Civil Procedure 26(a)(3), which must be filed no later than the deadlines to be established by an order setting trial-related deadlines to be issued later."

- "The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b)(4)."

- "The Court will set this case for trial by separate order. The order will establish trial-related deadlines, including a deadline for submitting a joint pretrial order, witness lists, exhibit lists, deposition excerpts, and

> a proposed jury charge or findings of fact and conclusions of law. The order will also establish deadlines for filing motions in limine (other than motions related to an expert witness) and other trial-related motions."

Dkt. No. 17 at 3, 4, 7, 8. And the Court's Order Setting Case for Trial, in turn, provides that "[c]ounsel must file and serve on all parties any trial-related motions other than motions in limine, no later than **September 4, 2023**." Dkt. No. 18 at 12.

Allstate filed its Motion to Sever and Abate Extracontractual Claims on August 11, 2023, two weeks before the August 25, 2023 discovery deadline and over five weeks before the September 18, 2023 jury trial setting. This motion may be timely under the discovery-related motions deadline or the trial-related motions deadline.

But, even if Allstate's motion is untimely, the Court finds good cause under Federal Rule of Civil Procedure 16(b)(4) to permit its late filing and then consider it.

"[U]nder Federal Rule of Civil Procedure 16(b)(4), the four relevant factors are: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. While [t]he court considers the four factors holistically and does not mechanically count the number of factors that favor each side, [t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause.'" *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, No. 3:18-cv-1737-E-BN, 2021 WL 1610105, at *1-*2 (N.D. Tex. Apr. 26, 2021) (cleaned up).

For the reasons that Allstate explains, the motion's requested relief is important under governing Texas substantive law, and taking up this issue now does not unduly prejudice Reyes or his counsel, and so the Court finds good cause.

As to the merits of the request, "[u]nder [Federal Rule of Civil Procedure] 42(b), district courts have discretion to bifurcate trials '[f]or convenience, to avoid prejudice, or to expedite and economize.'" *Pharmerica Corp. v. Advanced HCA LLC*, No. 2:17-CV-00180-JRG, 2018 WL 3326822, at *1 (E.D. Tex. May 1, 2018) (quoting FED. R. CIV. P. 42(b)). "The decision to bifurcate 'is a matter within the sole discretion of the trial court.'" *Id.* (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)). The bifurcated claim or issue "must be so distinct and separable from the others that a trial of it alone may be had without injustice." *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978).

Consistent with Allstate's arguments in its motion [Dkt. No. 39] and the accompanying joint report [Dkt. No. 40], another judge in this district has explained that, in *In re State Farm Mutual Automobile Insurance Co.*, "the Supreme Court of Texas has recently held that for Code-only complaints, like this case, courts should bifurcate the matter into two proceedings concerning: (1) whether the insured is entitled to under-insured motorist benefits and (2) whether violations of the Code have been committed." *Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-cv-2965-X, 2021 WL 2917236, at *2 (N.D. Tex. July 9, 2021); *see also Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-cv-2965-X, 2022 WL 524793, at *4 n.26 (N.D. Tex. Feb. 22, 2022) ("State Farm's motion to dismiss argues Wilson's claim is unripe because

Wilson has not obtained a judicial determination of the tortfeasor's liability and Wilson's coverage under the under-insured motorist policy with State Farm. The Court disagrees. While Wilson did try to artfully plead around any contract claims under her State Farm policy, the Texas Supreme Court recently encountered such a situation in *In re State Farm Mutual Automobile Insurance Co.*, 629 S.W.3d 866, 877 (Tex. 2021), which both parties discuss. There, the Texas Supreme Court held that the plaintiffs 'need not add causes of action to the ongoing litigation, as they contend, for the logic of the severance-and-abatement rule to apply to bifurcation in their cases. Nor must they file lawsuits they do not want to bring.' *Id.* (cleaned up). Instead, the trial court would simply bifurcate the inquiry, covering the underlying tortfeasor and under-insured motorist liability first and then the extra contractual Insurance Code claims second. *Id.* at 877-78. Wilson's failure to plead the predicate she must prove doesn't render her extracontractual claims unripe. It simply requires the court with jurisdiction over her claims to try her implied, predicate claims first and her express, noncontractual claims second.").

Based on the substantive law set out by the Texas Supreme Court regarding extracontractual claims in cases like this, the Court finds that bifurcating trial of Reyes's declaratory judgment claim from his claims for breach of the common law duties of good faith and fair dealing and for violations of the Texas Insurance Code will best serve judicial economy and the efficient resolution of this matter.

But the Court will not abate discovery of Reyes's claims. Discovery has been open for over eight months and closes in less than two weeks. The parties' Joint

Discovery/Case Management Plan Under Rule 26(f) Federal Rules Of Civil Procedure [Dkt. No. 8], filed on November 8, 2022 (more than 18 months after the Texas Supreme Court's *In re State Farm* decision), does not mentioning bifurcating or staging discovery. The parties should have been conducting any necessary discovery on all of Reyes's claims throughout this period.

And the Court is not persuaded that Reyes is prejudiced by bifurcating the trial of his claims consistent with *In re State Farm*. Reyes asserts that:

- Allstate is "attempting to make a change to the entire case at a time period when Plaintiff has no opportunity to conduct discovery nor prepare for trial on the changes, which are untimely pursuant to this Court's order";

- Allstate's motion is "an attempt to change the entire landscape of this case a mere two weeks prior to the close of discovery, and one week prior to the mediation of this case, with no opportunity for Plaintiff to conduct any discovery on this new development prior to the expiration of the discovery period";

- "This amounts to trial by ambush and should not be allowed after the deadline for this motion has long gone"; and

- "Had Defendant timely filed this motion, plaintiff would have had the opportunity to conduct appropriate discovery during the discovery period."

Dkt. No. 40 at 4-5.

But Allstate's requested relief does not add any new claims or issues to the case. Bifurcation addresses only whether to try all of Reyes's existing claims together or – possibly – in two, separate trials. Allstate's motion and requested relief does not implicate or give rise to a need for additional or different discovery. And the parties and their counsel have time now to adjust their trial preparation and filing of pretrial materials that the Order Setting Case for Trial [Dkt. No. 18] requires. There will be no trial by ambush here.

The Court grants in part and denies in part Defendant Allstate Fire and Casualty Insurance Company's Motion to Sever and Abate Extracontractual Claims [Dkt. No. 39] and orders that the September 18, 2023 jury trial – and the pretrial materials that the Order Setting Case for Trial [Dkt. No. 18] requires – will be limited to Plaintiff Victor Reyes's claim for declaratory judgment under Texas law, with a separate trial to possibly follow later (depending on the outcome on Reyes's declaratory judgment claims) on Reyes's claims for breach of the common law duties of good faith and fair dealing and for violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.

The Court denies any other requested relief that Allstate's Motion to Sever and Abate Extracontractual Claims seeks.

SO ORDERED.

DATED: August 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE